### THE STATE v. F. HOWERY.

KEEPING A TABLE FOR THE PURPOSE OF GAMING.—On a trial upon an indictment for "keeping a *cue alley table* for the purpose of gaming," evidence that money, alley fees, or other things of value were bet on the *cue alley*, may properly be admitted, without further allegations descriptive of the offense.

APPEAL from Rockwall. Tried below before the Hon. M. H. Bonner.

Howery was convicted upon a charge in the indictment "that F. Howery, on the 1st day of October, 1873, in the county of Rockwall, did unlawfully keep a cue alley table for the purpose of gaming."

The indictment contained a second count, which was defective.

The facts appear in the opinion.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—Appellant was indicted for the keeping of a cue alley table for the purpose of gaming. In the second count of the indictment it was perhaps intended to charge him with exhibiting a cue alley table at his saloon for gaming, and that the table

fees or alley fees were bet thereon. There was no excep-
tion to the indictment, and the trial was upon the plea of
"not guilty." During the progress of the trial the State
sought to prove, as stated in the bill of exceptions, that
money, alley fees, or other things of value were bet on the
cue alley in the indictment described," and the defendant
objected because it was not averred in the indictment.
The court overruled the objection, and in this there was
no error. The gaming act includes every species of gam-
ing devise known by the name of table or bank, and all
games which are said in common language to be dealt,
kept, or exhibited, with an exception in favor of the game
of billiards licensed by law. (Arts. 2049 and 2050 Pas.
Dig.) It is sufficient for the indictment to state that
the table or bank was kept or exhibited for the purpose of
gaming, and there was no error in admitting the evidence
in support of the allegation that the table was kept for
that purpose.

The only ground of the motion for a new trial is because
the verdict was contrary to the law and the evidence.

The law applicable to the case was fairly presented to
the jury by the court, and it was a question for the jury
whether the defendant was guilty of the charge in the in-
dictment, giving him the benefit of any reasonable doubt,
as stated by the court. No further charge was asked by
the defendant, and no error has been pointed out to the
prejudice of the defendant in the verdict of the jury or the
judgment of the court, and the same is therefore affirmed.

AFFIRMED.